13-4417-cv
DePaola v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of December, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                      *Circuit Judges*.

_____

SAL DePAOLA,

                      *Plaintiff-Appellant*,

             v.                                    13-4417-cv


CITY OF NEW YORK, a municipal entity, ROBERT BYRNES, Assistant Chief Fire Marshal, Bureau of Fire Investigation, DAVID LYNN, Assistant Chief Fire Marshal, Bureau of Fire Investigation, DENNIS QUINCY, Fire Marshal, Bureau of Fire Investigation, DAN CARUSO, Fire Marshal, Bureau of Fire Investigation, JOHN DOE, New York City Fire Department and Bureau of Fire Investigation officers, names and number of whom are unknown at present, RICHARD ROE, New York City Fire Department and Bureau of Fire Investigation Officers, names and number of whom are unknown at present, NEW YORK CITY FIRE DEPARTMENT AND BUREAU OF FIRE INVESTIGATION SUPERVISORS AND COMMANDERS 150, and other unidentified members of the New York City Fire Department and the Bureau of Fire Investigation,[1]

                      *Defendants-Appellees*.
_____

Appearing for Appellant:     Thomas R. Villecco, Jericho, N.Y.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Appearing for Appellees:    Devin Slack, of Counsel, Corporation Counsel of the City of New York (Zachary W. Carter, Corporation Counsel of the City of New York, Kristin M. Helmers, Michael J. Pastor of Counsel, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision and order of said District Court be and it hereby is **AFFIRMED**.

Sal DePaola appeals from the October 9, 2013 memorandum decision and order of the United States District Court for the Southern District of New York dismissing his lawsuit for deprivation of due process, malicious prosecution and conspiracy under 42 U.S.C. §§ 1983 and 1985 against the City of New York and individual members of the New York City Fire Department and Bureau of Fire Investigation. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

DePaola's primary argument on appeal is that the district court erred in granting summary judgment prior to any discovery being taken. We review "[a] district court's denial of more time to conduct discovery pursuant" to Rule 56 (d) for abuse of discretion. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994) (discussing prior version of the rule). In our Circuit, a nonmovant seeking additional discovery in the face of a pending summary judgment motion must submit an affidavit including "the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful." *Id.* at 1138.

However, "[a] court plainly has discretion to reject a request for discovery if the evidence sought would be cumulative or if the request is based only on speculation as to what potentially could be discovered, and a bare assertion that the evidence supporting plaintiff's allegations is in the hands of the moving party is insufficient to justify the denial of summary judgment." *In re Dana Corp.*, 574 F.3d 129, 148-49 (2d Cir. 2009) (internal quotation marks and citation omitted). A party's failure to follow these requirements may result in summary judgment being granted against him. *Gurary v. Winehouse*, 190 F.3d 37, 43-44 (2d Cir. 1999) ("Indeed, the failure to file such an affidavit is fatal to a claim ... even if the party resisting the motion for summary judgment alluded to a claimed need for discovery in a memorandum of law."). At bottom, a party may not use Rule 56(d) as a means of finding out whether it has a case. *Paddington Partners*, 34 F.3d at 1138 ("[The nonmovant's] argument is that it should be allowed to find out if it has a claim, rather than that it has a claim for which it needs additional discovery. Such divagation is decidedly not the object of the discovery procedures outlined in the Federal Rules of Civil Procedure.") (citation omitted).

Here, DePaola's counsel submitted an affidavit completely lacking any of the specificity required by our Court. The affidavit simply states that no discovery has been taken, that "document discovery and depositions are needed to establish that genuine issues of material fact for trial exist," and "[a] substantial amount of this discovery is within the exclusive knowledge and possession of the Defendants."

2

Even assuming arguendo that a plaintiff who has had no discovery need not be as specific in a Rule 56(d) affidavit as a plaintiff with the benefit of some discovery, here DePaola failed to even define broadly what he was looking for and where he thought genuine issues of material fact might arise. Nor was DePaola starting with a blank slate–this litigation came after he was acquitted of charges following a 10-week trial.

We have considered the remainder of DePaola's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk